HENNION'S EXECUTORS *vs.* JACOBUS and others.

1. A gift of a fund, with limitation over in the contingency of the legatee's dying without leaving lawful issue, entitles the legatee to possession of the fund.

2. The rule is settled, that interest begins to run on general legacies to which no time of payment is fixed, from the expiration of one year from testator's death.

3. The rule that a general legacy in favor of a child will draw interest from testator's death, when given for his maintenance, does not apply to a legacy to adults; nor where the maintenance of the child is otherwise provided for, either by the will or in any other mode.

---

Bill for directions to executors.

*Mr. J. G. Trusdell*, for executors.

*Mr. J. W. Taylor*, for legatees.

THE CHANCELLOR.

The will of James H. Hennion, deceased, contains the following sections: "Item First. I give and bequeath to my two sons, Daniel and John H., in equal portions, all of my real and personal estate, whom I hereby declare and appoint my executors, out of which they shall meet all expenses incident to my sickness, death, and burial." "Item Second. I give to my daughter Phebe Ann the sum of $1000, to be paid out of the estate devised to my sons Daniel and John H." "Item

Third. I give to my daughter Margaret the sum of $1400, to be paid out of the estate given to my sons Daniel and John H.; and if she dies without issue, the same to revert to the remaining children of mine, or their legal heirs, if dead, in equal portions as represented by the children." " Item Fourth. I give to my daughter Mary E. the legal interest of $1400, to be paid to her annually, of the above estate given to Daniel and John H.; and after her death, the principal shall be equally divided among her legal heirs; provided that she may not need; if, in the judgment of my sons Daniel and John H., her necessities do require, they may from time to time pay her such sums as they may deem proper, of the principal; the rest to be divided as above stated."

The testator died on the 24th of May, 1874.

The questions presented are: *First.* Whether Margaret is entitled to possession of the $1400 bequeathed to her; and, *second.* At what time the interest given to Mary began to accrue.

Margaret is entitled to the possession of the $1400 given to her by the will, notwithstanding the gift over in the contingency of her dying without leaving lawful issue. *Ex'r of Rowe* v. *White,* 1 *C. E. Green* 411; *Jones' Ex'rs* v. *Stites,* 4 *C. E. Green* 324; *Hull* v. *Eddy,* 2 *Green* 169.

The interest given to Mary began to accrue on the 24th of May, 1875, and the first payment will consequently be due to her on the 24th of May, 1876. The rule is settled, that interest begins to run on general legacies to which no time of payment is fixed in the will, from the expiration of one year from the death of the testator. 2 *Redfield on Wills* 565; *Lawrence* v. *Embree,* 3 *Brad. Sur. R.* 364. Mary, however, claims that because she is a child of the testator, and, as she alleges, the provision is made for her maintenance, she is entitled to interest from the death of the testator. She is an adult, and a married woman. There is no evidence in the will that the interest is given to her for her support. Besides, it is presumed that her support and maintenance are provided by her husband. Nor does it appear but that she is in affluent cir-

cumstances. The rule which she seeks to apply to her legacy does not apply to adults, nor where the maintenance of the child is otherwise provided for, either by the will or in any other mode. *Cessante ratione, cessat ipsa lex. Raven* v. *Waite,* 1 *Swanst.* 553; *In the matter of Rouse's Estate,* 9 *Hare* 649.